**UNITED STATES DISTRICT COURT**
**DISTRICT OF NEW JERSEY**

|  |  |
|---|---|
| **OLEG NOMEROVSKYI,** | **Case No. 26–cv–03727–ESK** |
| **Petitioner,** | |
| **v.** | **OPINION AND ORDER** |
| **SECRETARY OF DEPARTMENT OF HOMELAND SECURITY, *et al.*,** | |
| **Respondents.** | |

 **THIS MATTER** is before the Court on petitioner Oleg Nomerovskyi's petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241 (Petition). (ECF No. 1.)   Respondents oppose the Petition.   (ECF No. 5.)

 1. Petitioner is a citizen of Ukraine. (ECF No. 1 ¶ 13.) The Department of Homeland Security (Department) detained petitioner on or about June 10, 2025. (*Id.*) He is presently detained in Delaney Hall Detention Facility (Delaney Hall).   (*Id.* ¶ 1.)

 2. Petitioner argues that his detention has become overly prolonged in violation of his due process rights.   (*Id.* ¶¶ 44, 45, 46.)   He requests release from custody or, in the alternative, a bond hearing.   (*Id.* p. 11.)

 3. Under 28 U.S.C. § 2241(c), habeas relief may be extended to a prisoner only when he "is in custody in violation of the Constitution or laws or treaties of the United States."   28 U.S.C. § 2241(c)(3).   A federal court has jurisdiction over such a petition if the petitioner is "in custody" and the custody is allegedly "in violation of the Constitution or laws or treaties of the United States."   28 U.S.C. § 2241(c)(3); *Maleng v. Cook*, 490 U.S. 488, 490 (1989).

 4. Petitioner was detained within this Court's jurisdiction and by a custodian within this Court's jurisdiction when he filed the Petition, and he asserts that his continued detention violates due process.   Therefore, this Court has habeas jurisdiction over his claims.   *Trump v. J. G. G.*, 604 U.S. 670, 672 (2025) (per curiam) (noting jurisdiction for "core habeas petitions" lies in the district of confinement).

 5. The parties agree that 8 U.S.C. § 1225(b) governs petitioner's detention.   (ECF No. 1 ¶ 24; ECF No. 5 p. 2.)   "Noncitizens who are detained

pursuant to §1225(b) have no statutory right to a bond hearing. However, noncitizens who are subject to prolonged detention may be entitled to a bond hearing should their detention become so prolonged as to become arbitrary." *Khan v. Soto*, No. 26–cv–00856, 2026 WL 468203, at *2 (D.N.J. Feb. 19, 2026) (citing *Jennings v. Rodriguez*, 583 U.S. 281 (2018)).

6. "The Supreme Court and the Third Circuit have not directly addressed the extent of due process rights for noncitizens detained pursuant to §1225(b), but other district courts have applied the standard the Third Circuit announced in *German Santos v. Warden Pike County Correctional Facility*, 965 F.3d 203 (3d Cir. 2020) in considering a due process challenge to prolonged detention pursuant to 8 U.S.C. §1226(c)." *Id.* (citing *Rodriguez Chavez v. Holman,* No. 1:25–cv–00267, 2026 WL 136902, at *3 (W.D. Pa. Jan. 20, 2026); *Tuser E. v. Rodriguez*, 370 F. Supp. 3d 435, 442–43 (D.N.J. 2019)).

7. I am persuaded by the reasoning of these courts and conclude that the *German Santos* factors should be applied to petitioner's prolonged detention claim. These factors are: "(1) the duration of the petitioner's detention; (2) the likelihood of continued detention; (3) the reasons for any delay; and (4) the conditions of the petitioner's confinement." *Rodriguez Chavez*, 2026 WL 136902, at *3 (citing *German Santos*, 965 F.3d at 212).

8. "The most important factor is the duration of detention." *German Santos*, 965 F.3d at 211. Petitioner has been detained since June 10, 2025. (ECF No. 1 ¶13). "Detention of this duration substantially exceeds the allowable periods the Supreme Court has described as typical when upholding mandatory detention statutes against facial challenge." *Ibrahim v. Rokosky*, No. 25–cv–17189, 2026 WL 296506, at *3 (D.N.J. Feb. 4, 2026).

9. I conclude that the second factor weighs in petitioner's favor. Petitioner filed an appeal with Board of Immigration Appeals (BIA) in November or December 2025, and that appeal remains pending. (ECF No. 1 ¶39.) As of January 26, 2026, the BIA had 219,945 pending appeals, a number that has likely increased since that date. (ECF No. 1–7 p. 2); *see also* Executive Office for Immigration Review Workload and Adjudication Statistics, available at https://perma.cc/Z3V4-QYVS (last visited Apr. 16, 2026).

10. Given the influx of immigration habeas cases filed in this District and throughout the country, petitioner's appeal may take many months to resolve. "[I]f the BIA rejects his appeal, he has the right to petition for judicial review. 'When the [noncitizen's] removal proceedings are unlikely to end soon, this suggests that continued detention without a bond hearing is unreasonable.'" *Rodriguez Chavez*, 2026 WL 136902, at *3 (quoting *German Santos*, 965 F.3d at 211).

11. There is no evidence in the record that either party caused unnecessary delays in petitioner's removal proceedings by making "careless or bad-faith errors." *German Santos*, 965 F.3d at 211 (cleaned up). Therefore, I consider the third factor to be neutral.

12. I conclude the final factor, the conditions of confinement, to weigh in petitioner's favor. Petitioner has submitted evidence of various medical conditions that have required treatment during his ten-month detention. (*See generally* ECF No. 1–6.) Respondents do not dispute this history; instead, they argue that I lack jurisdiction to grant habeas relief based on petitioner's conditions of confinement. (ECF No. 5 pp. 4, 5.) Their argument is unpersuasive as the Petition is not a challenge to the conditions of petitioner's confinement like in *Hope v. Warden York Cnty. Prison*, 972 F.3d 310 (3d Cir. 2020). Instead, the conditions are a singular factor to be considered within the context of *German Santos*.[1]

13. In a prior case, respondents described the current circumstances as an "unprecedented period of immigration filings in one of the hardest hit districts in the country." Letter of Jordan Fox, Chief of Staff & Associate Deputy Attorney General, *Kumar v. Soto*, No. 26–cv–00777 (D.N.J. Feb. 13, 2026) (ECF No. 21). I also take judicial notice that at least one detainee has died in custody at Delaney Hall after a medical emergency. *See* Tracey Tully and Luis Ferré-Sadurní, *ICE Detainee Dies After Being Held at a Troubled Jailhouse in Newark*, N.Y. Times (Dec. 19, 2025), *available at* https://www.nytimes.com/2025/12/19/nyregion/ice-detainee-death-newark.html (last visited Apr. 16, 2026).

14. "The determination on reasonableness of detention is 'highly fact specific.'" *Khan v. Soto*, No. 26–cv–00856, 2026 WL 468203, at *3 (D.N.J. Feb. 19, 2026) (quoting *Dryden v. Green*, 321 F. Supp. 3d, 496, 502 (D.N.J. 2018)).

15. After considering the record and totality of the circumstances, I find that petitioner's detention has become unreasonably prolonged and amounts to an arbitrary deprivation of his liberty. Specifically, I rely on the length of petitioner's detention, the probability that his detention will continue given the substantial immigration filings before the BIA and courts of appeals, and the conditions of confinement at Delaney Hall.

---

[1] Respondents dispute *German Santos*'s applicability to petitioner's claims in general. (ECF No. 5 pp. 3, 4.)

Accordingly,

**IT IS** on this **16th** day of **April 2026 ORDERED** that:

1.  Petitioner's § 2241 Petition is **GRANTED**. Respondents shall provide petitioner with an individualized bond hearing before an immigration judge within **7 days** of this Order. Respondents shall provide the immigration court a copy of this Opinion and Order prior to the hearing.

2.  Petitioner's counsel shall have notice of the bond hearing, a reasonable opportunity to prepare, and be permitted to reschedule the hearing without seeking court intervention.

3.  Respondents shall bear the burden at the hearing of establishing by clear and convincing evidence that petitioner's continued detention is necessary because he poses a flight risk or danger to the community, *German Santos v. Warden Pike County Correctional Facility*, 965 F.3d 203, 213 (3d Cir. 2020).

4.  The Clerk shall **CLOSE** this matter. Petitioner may move to reopen the proceedings if necessary

_/s/ Edward S. Kiel_

**EDWARD S. KIEL**
**UNITED STATES DISTRICT JUDGE**

4