**UNITED STATES DISTRICT COURT**
**DISTRICT OF NEW JERSEY**

| | |
|---|---|
| **OLEG NOMEROVSKYI,**<br>**Petitioner,**<br>**v.**<br>**MARKWAYNE MULLIN, *et al.*,**<br>**Respondents.** | **Case No. 26–cv–03727–ESK**<br><br>**OPINION AND ORDER** |

**THIS MATTER** is before the Court on petitioner Oleg Nomerovskyi's motion to reopen the proceedings and to enforce this Court's judgment (Motion) (ECF No. 15). Respondents oppose the Motion. (ECF No. 17.)

1. Petitioner is a citizen of Ukraine. (ECF No. 1 ¶ 13.) The Department of Homeland Security (Department) detained petitioner on or about June 10, 2025. (*Id.*) He is presently detained in Delaney Hall Detention Facility (Delaney Hall). (*Id.* ¶ 1.)

2. On April 16, 2026, I granted petitioner's petition for a writ of habeas corpus filed pursuant to 28 U.S.C. § 2241. (ECF No. 7.) I concluded that petitioner's detention had "become unreasonably prolonged and amounts to an arbitrary deprivation of his liberty." (*Id.* ¶ 15.)

3. I ordered respondents to provide petitioner with an individualized bond hearing before an immigration judge at which respondents would bear the burden of proving by clear and convincing evidence that petitioner's continued detention was necessary. (*Id.* p. 4 (citing *German Santos v. Warden Pike County Correctional Facility*, 965 F.3d 203, 213 (3d Cir. 2020).)

4. Petitioner had a bond hearing on April 16, 2026, at which time the immigration judge denied petitioner bond after concluding he was both a flight risk and a danger to people and property. (ECF No. 8–1 p. 2.)

5. Petitioner filed his Motion on August 25, 2026, arguing that the immigration judge misapplied the burden of proof. (ECF No. 15.) He asserts that the immigration judge's flight risk determination "states that [p]etitioner's pending appeal 'does not satisfy the Court that he is not a flight risk.'" (ECF No. 15–1 p. 3.) "That wording appears to ask whether [p]etitioner persuaded

the decisionmaker," while my order "placed the clear-and-convincing burden on [r]espondents." (*Id.*)

6. Respondents oppose the Motion, asserting that the immigration judge correctly applied the burden of proof and that I lack jurisdiction to review the bond hearing determinations of the immigration judge pursuant to 8 U.S.C. § 1226(e). (ECF No. 17 p. 2.)

7. "[D]istrict courts have continuing jurisdiction to address alleged noncompliance with writs of habeas corpus." *Santos v. Lowe*, No. 1:18–cv–01553, 2020 WL 4530728, at *2 (M.D. Pa. Aug. 6, 2020) (citing *Gibbs v. Frank*, 500 F.3d 202, 205 (3d Cir. 2007)).

8. "While factual questions raised in an application for discretionary relief are unreviewable, a district court may review a habeas challenge to an immigration judge's application of a legal standard—such as dangerousness or risk of flight—to determine whether an immigration judge correctly applied the legal standard to a given set of facts." *Segura Serrano v. Scott*, No. 2:26–cv–01268, 2026 WL 1674357, at *5 (W.D. Wash. May 26, 2026) (cleaned up).

9. The transcript of the bond hearing indicates that the immigration judge did not apply the correct burden of proof. The immigration judge correctly indicated that respondents had the burden at the hearing, but she stated that "the burden is on the government to establish why [petitioner's] detention is not unreasonable, given the—given the fact—the factors in this—or given the evidence." (ECF No. 17–1 p. 12.)

10. I ordered an individualized bond hearing at which respondents would have the burden of proving by clear and convincing evidence that petitioner's detention was "*necessary* because he poses a flight risk or danger to the community." (ECF No. 7 p. 4 (emphasis added).) *Necessary* detention is different from *reasonable* detention.

11. Furthermore, the immigration judge concluded that petitioner's "pending appeal does not satisfy [the immigration court] that he is not a flight risk." (ECF No. 8–1 p. 2.) This suggests that the immigration judge placed the burden on petitioner instead of respondents for the flight risk portion.

12. Therefore, I find that the bond hearing did not comply with my order and will grant petitioner's Motion.

13. Respondents will be ordered to provide petitioner with a new bond hearing, before a different immigration judge, within 10 days.

14. The bond hearing must be individualized to petitioner's current circumstances, and respondents shall bear the burden at the hearing of establishing by clear and convincing evidence that petitioner's continued

detention is necessary because he poses a flight risk or danger to the community.[1]

15. “Clear and convincing evidence is evidence that is so clear, direct, weighty and convincing as to enable the fact finder to come to a clear conviction, without hesitancy, of the truth of the precise facts in issue.” *Howland v. Cincinnati Ins. Co.*, 702 F. Supp. 3d 335, 346 (E.D. Pa. 2023) (cleaned up).

Accordingly,

**IT IS** on this **21st** day of **September 2026** **ORDERED** that:

1. The Motion at ECF No. 15 is **GRANTED**. The Clerk shall **REOPEN** the proceedings.

2. Respondents shall provide petitioner with an **individualized** bond hearing before a **different** immigration judge within **10 days** of this Order. Respondents shall provide the immigration court a copy of this Opinion and Order prior to the hearing.

3. Petitioner, or his counsel, shall have notice of the bond hearing, a reasonable opportunity to prepare, and be permitted to reschedule the hearing without seeking court intervention. The rescheduled date may be outside of the 10-day period at petitioner’s request.

4. Respondents shall bear the burden at the hearing of establishing by clear and convincing evidence that petitioner’s continued detention is necessary because he poses a flight risk or danger to the community, *German Santos v. Warden Pike County Correctional Facility*, 965 F.3d 203, 213 (3d Cir. 2020).

5. The no transfer restriction shall remain in place until the bond hearing is concluded.

6. The Clerk shall **CLOSE** this matter.

*/s/ Edward S. Kiel*
**EDWARD S. KIEL**
**UNITED STATES DISTRICT JUDGE**

[1] I emphasize that I make no findings as to whether petitioner is in fact entitled to bond and that my findings are limited to concluding that the immigration judge did not comply with the prior order.